## 34945. HAMMOND *v.* YOUNG.

DECIDED JANUARY 20, 1954—REHEARING DENIED FEBRUARY 13, 1954.

*Charles W. Anderson*, for plaintiff in error.

*John L. Watson, Jr.*, contra.

GARDNER, P. J. The general demurrer of the defendant is without merit. The plaintiff alleges that the defendant operated a car in violation of the State law, in that he was under the influence of intoxicating liquors at the time. Code §§ 68-307, 68-9908. The plaintiff further alleged that the defendant operated his car at said time and place in violation of valid and subsisting ordinances of the City of Atlanta, namely city code sections 88-918 and 88-920. It is a violation of the city ordinance for a motor vehicle to fail to stop at the entrance to a through highway or street, and it is alleged that Murphey Avenue is a through highway and that the defendant failed to stop at the entrance thereof. And it is a violation of the city law to fail to yield the right of way to a motor vehicle which has entered a through highway or which is approaching so closely thereto as to constitute an immediate hazard; and it is alleged that the plaintiff had the right of way in this intersection, proceeding northerly along Murphey Avenue, a through street, and that the defendant failed to yield same to her, but carelessly ran into and struck her car; and it is set out that it is a violation of the city traffic ordinance to fail to yield the right of way to a motor vehicle which has already entered a street intersection, and that the defendant failed to yield the right of way to the plaintiff, who had entered such intersection ahead of him, and from a different street. It constitutes actionable negligence for the defendant to operate his car

in violation of these ordinances, where such operation is a proximate cause of the damage to the plaintiff's automobile. It also constitutes actionable negligence for the defendant to operate his car while under the influence of intoxicating liquors, where same contributes to and is a cause of the defendant's running into and striking the plaintiff's car. It is so alleged in this petition. There is no merit in the demurrers, general and special.

Furthermore, the plaintiff is not required to plead that she acted with due diligence in the operation of her automobile at said time and place. She is not required to allege that she operated her car properly at said time and place.

It follows that the judge properly overruled said demurrer.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*